Wu v. Sessions

BIA
Van Wyke, IJ
A087 516 173

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT:
REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
    *Circuit Judges.*
_____

QUI MEI WU, AKA WUI MEI WU,
    *Petitioner,*

    v.                                          16-2333
                                                NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
    *Respondent.*
_____

FOR PETITIONER:          Gerald Karikari, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Briena L.
                         Stippoli, Senior Litigation
                         Counsel; Timothy Bo Stanton, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qui Mei Wu, a native and citizen of the People's Republic of China, seeks review of a June 7, 2016, decision of the BIA affirming a December 8, 2014, decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qui Mei Wu,* No. A087 516 173 (B.I.A. June 7, 2016), *aff'g* No. A087 516 173 (Immig. Ct. N.Y. City Dec. 8, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA agreed with the IJ's credibility determination and emphasized particular aspects of it, we have reviewed both the BIA's and IJ's opinions, including the portions of the IJ decision not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on an asylum applicant's responsiveness, inconsistencies in her statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim," and the "inherent plausibility" of her account, among other factors.  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).  In conducting "substantial evidence" review, we "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination satisfies our review.  The agency identified two areas of Wu's testimony that were vague, lacked detail, and were of questionable plausibility.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible.").  The IJ fulfilled his obligation "to solicit more detail" by asking numerous follow-up

3

questions. *Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008) ("[A] finding of testimonial vagueness cannot, without more, support an adverse credibility determination unless government counsel or the IJ first attempts to solicit more detail from the alien.").

First, aside from identifying her aunt, Wu was vague about her fellow churchgoers. Wu testified that she told some of her friends about the church, and later saw them there, but denied having brought them. She could not explain which of the 50 or 60 other church members recruited her friends, and further suggested that she never thought to ask her friends how they came to attend. In addition to deeming this testimony vague, the IJ was justifiably incredulous. If Wu had told her friends about the church and later ran into them there, they would have discussed the topic. *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

Wu's testimony about her family members was similarly vague. She identified four relatives who initially attended the church, but could not remember the names of three or four other family members who joined later and were arrested during the raid. When asked, Wu could not say which--or even how many--of her relatives were arrested. *Cf. Jin Chen v. U.S.*

4

*Dep't of Justice*, 426 F.3d 104, 114 (2d Cir. 2005) (in pre-REAL ID case, remanding where the IJ and Government "failed to create a record that could support" the IJ's vagueness-based credibility finding). The IJ reasonably found it implausible that Wu did not ask her mother for this information. *Siewe*, 480 F.3d at 168-69. Moreover, the letter submitted by Wu's mother said nothing about their relatives being arrested, casting further doubt on Wu's account. *Xiu Xia Lin*, 534 F.3d 166 n.3 (an omission in a document can ground an adverse credibility determination).

Wu argues that the IJ should not have focused on whether she knew that the underground church was illegal. Although the IJ observed that Wu seemed to be differing with the definition of "illegal," the IJ's main point was that Wu's testimony made little sense: how could she not know the church was illegal after her aunt explained that it moved each week to avoid police detection? The IJ asked a further question: if church leaders worried about detection, why would they not warn new members that the church was illegal? Otherwise, new members might talk about it openly. Wu submitted a church attendance certificate, which featured her name, address, and photograph. That document caused the IJ to ask another reasonable question: why

would an underground church maintain the photographs and personal identifying information of its members? Wu characterizes the IJ's questions as speculative, but all are grounded in Wu's incompatible statements. *Siewe*, 480 F.3d at 168–69.

The totality of the circumstances outlined above supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 164. Wu's asylum, withholding of removal, and CAT claims were all based on the same factual predicate, and so the credibility determination was dispositive as to all three. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

6